MOORE, Chief Justice
(dissenting).
I respectfully dissent. On March 25, 2009, the Disciplinary Board of the Alabama State Bar (“the Bar”) entered an order disciplining attorney Randy Scott Arnold. The order stated, in part:
“[Arnold] is deemed to be on probation during the two-year period while restitution is to be made; failure to perform all of the provisions above shall constitute a breach of the terms of the plea and of the probation, and, upon notification by the Bar to the Disciplinary Hearing Officer, the terms of this order may be revoked and the charges against [Arnold] reinstated.”
(Emphasis added.) On August 20, 2012, the Bar filed charges against Arnold for his failure to comply with the 2009 order. On March 18, 2013, the Bar disbarred Arnold based on those charges.
By the very terms of the 2009 order, however, Arnold’s failure to comply with the 2009 order could result, at most, in the revocation of his probation and the reinstatement of the original charges against him. The Bar should not have filed a separate disciplinary proceeding based on new, independent violations for failure to comply with the 2009 order. It appears that the Bar is disregarding the terms of the 2009 order while holding Arnold accountable for disregarding the terms of that same order. Therefore, I would reverse Arnold’s disbarment and remand the case for proceedings consistent with the 2009 order.